UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| PAMELA R. SWISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| HINSHAW & CULBERTSON, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, PAMELA R. SWISHER, and for her causes of action against the Defendant, HINSHAW & CULBERTSON ["FIRM"], states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and 1337, together with Title 42, United States Code, Section 2000e-5.  This is a civil action arising under the laws of the United States regulating commerce.  Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to employees protection against discriminatory treatment in employment because of race, color, religion, sex or national origin and also providing protection against acts of retaliation motivated because an individual seeks the protection of that Act.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b) since the FIRM engages in its professional activities within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur

within the judicial district of this Court.

## PARTIES

1. That the FIRM is either a partnership, professional corporation or limited liability company which engages in the general practice of law in both the State of Illinois and other states of the United States.

2. That the Plaintiff, PAMELA R. SWISHER, is an adult resident of Peoria County, Illinois. At times relevant to the above proceeding, she worked as the Office Manager at the Peoria, Illinois office of the FIRM. She commenced her employment with the FIRM in 1997 and worked for it continuously thereafter until January 10, 2003.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

3. That all times pertinent to this proceeding the FIRM did, in connection with its enterprise, employ individuals and constitutes an employer as that term is defined in 42 U.S.C. Section 2000e.

4. That within the time prescribed by law the Plaintiff, PAMELA R. SWISHER, did cause to have filed with the Equal Employment Opportunity Commission ["EEOC"] charges of civil rights violation against the FIRM. Within ninety days preceding the initiation of this judicial proceeding, the Plaintiff, PAMELA R. SWISHER, received notice of her right to sue with respect to her charges of civil rights violation as provided by 42 U.S.C. Section 2000e-16(c).

5. That the Plaintiff, PAMELA R. SWISHER, is a female.

6. That throughout the period of her employment the Plaintiff, PAMELA R. SWISHER, at all times performed her job duties with the FIRM satisfactorily and in accordance with all reasonable performance expectations of the FIRM.

7. That at all times relevant to this proceeding the FIRM employed individuals who were males as office managers at offices of comparable size and having functions comparable to its Peoria Office.

8. That at times relevant to this proceeding the FIRM had in place three individuals who served as its capital partners in its Peoria Office. Each of those individuals by virtue of his status as a capital power had certain powers, controls and influences with respect to the operation of management of the Peoria Office of the FIRM. Among the capital partners was David Jones.

9. That during the course of her employment with the FIRM and while the Plaintiff, PAMELA R. SWISHER, was participating in a social outing with other employees of the FIRM, including David Jones, he approached the Plaintiff, PAMELA R. SWISHER, and made sexual propositions and advances toward her. The Plaintiff, PAMELA R. SWISHER, rejected those advances and indicated she was not interested in engaging in a sexual relationship with him.

10. That following the incident described in the preceding paragraph, David Jones in various ways acted out against the Plaintiff, PAMELA R. SWISHER. In this respect, he engaged in conduct which was different and less favorable toward her than he had treated her prior to the incident described in the preceding paragraph.

11. That because of the conduct described in paragraphs 9 and 10, the Plaintiff, PAMELA R. SWISHER, did file a complaint with the FIRM objecting to the conduct of David Jones as described above.

12. That following the time the Plaintiff, PAMELA R. SWISHER, complained about him David Jones maintained an aloof and distant relationship toward the Plaintiff, PAMELA R. SWISHER. Moreover, he was continuously critical and hostile toward her. His conduct in that respect was

significantly different and less favorable than the manner in which he had previously treated the Plaintiff, PAMELA R. SWISHER, and the manner in which he treated other non-professional staff members in the Peoria Office of the FIRM.

13. That on January 10, 2003 the FIRM terminated the employment of the Plaintiff, PAMELA R. SWISHER.

14. That on information and belief, the decision of the FIRM to terminate the Plaintiff, PAMELA R. SWISHER, from employment was instigated, encouraged and furthered by David Jones.

15. That prior to her termination from employment with the FIRM none of her supervisors were critical concerning the manner in which the Plaintiff, PAMELA R. SWISHER, performed her job duties.  To the contrary, she received positive assessments both verbally and in writing concerning the manner in which she performed her job.

16. That at a time proximate to the Plaintiff, PAMELA R. SWISHER's, termination from employment with the FIRM at least two other office managers employed by the FIRM were performing their duties in a manner which was not considered satisfactory to the FIRM.  Nonetheless, neither of those individuals was terminated from employment with the FIRM.

## COUNT I

For her first claim against the FIRM the Plaintiff, PAMELA R. SWISHER, states as follows:

1-16. For paragraphs 1-16 of Count I the Plaintiff, PAMELA R. SWISHER, incorporates paragraphs 1-16 as set forth above.

17. That as has been more particularly described about the FIRM, in terminating the Plaintiff,

PAMELA R. SWISHER, from employment, it treated her differently and significantly less favorably than otherwise similarly situated male office managers. In so doing it has discriminated against the Plaintiff, PAMELA R. SWISHER, on the basis of her gender in violation of 42 U.S.C., Section 2000e-2(a).

18. That as a direct and proximate result of the conduct described above the Plaintiff, PAMELA R. SWISHER, has sustained monetary loss of salary and employment benefits as well as emotional trauma, mental anguish, embarrassment, humiliation, inconvenience and loss of the enjoyment of life all of which has resulted in injury and damage to her.

## COUNT II

For her second claim against the FIRM the Plaintiff, PAMELA R. SWISHER, states as follows:

1-16. For paragraphs 1-16 of Count II the Plaintiff, PAMELA R. SWISHER, incorporates paragraphs 1-16 as set forth above.

17. That through the conduct of its agents and employees as described above the FIRM has discriminated and retaliated against the Plaintiff, PAMELA R. SWISHER, in terminating her employment because of her efforts in opposing conduct which is unlawful under the terms of the foregoing Act in violation of 42 U.S.C., Section 2000e-3.

18. That as a direct and proximate result of the conduct described above the Plaintiff, PAMELA R. SWISHER, has sustained lost salary, the monetary loss of employment benefits, emotional trauma, mental anguish, embarrassment, humiliation, inconvenience and the loss of the enjoyment of life all of which has resulted in injury and damage to her.

WHEREFORE, the Plaintiff, PAMELA R. SWISHER, respectfully requests that this Court enter judgment in her favor and against the FIRM and provide the following relief:

A.  Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. Section 2000e-2 and 2000e-3 and issue a mandatory injunction against the FIRM to take affirmative steps to ensure that it refrains from engaging in any actions with respect to the Plaintiff, PAMELA R. SWISHER, which are prohibited under the terms of the Act aforesaid;

B.  Issue a mandatory injunction directing the FIRM to reinstate the Plaintiff, PAMELA R. SWISHER, to a position of employment with it which at the time of trial she would have held but for the discriminatory conduct complained of in this Complaint with all employment duties, responsibilities, salaries, benefits and rights attendant to that position;

C.  Award the Plaintiff, PAMELA R. SWISHER, damages sufficient to compensate her for economic losses suffered as a result of the conduct in this Complaint including, but not limited to:  1) salaries; 2) benefits; and 3) lost pension or retirement entitlements;

D.  Award the Plaintiff, PAMELA R. SWISHER, both compensatory and exemplary damages;

E.  Assess against the FIRM the costs and expenses incurred by the Plaintiff, PAMELA R. SWISHER, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by her in prosecuting the above captioned cause; and

F.  Provide such other relief as the Court deems be equitable and just.

THE PLAINTIFF, PAMELA R. SWISHER, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THE ABOVE CAPTIONED PROCEEDING WHICH MAY BY LAW BE PROPERLY TRIED BEFORE A JURY BE TRIED BY A JURY.

PAMELA R. SWISHER

By:   s/ James P. Baker
    James P. Baker
    Bar Number: 0097802
    Baker, Baker & Krajewski, LLC
    415 South Seventh Street
    Springfield, Illinois 62701
    Telephone: (217) 522-3445
    Facsimile: (217) 522-8234
    E-mail: carenbakerlaw@sbcglobal.net
    (Complaint/swisherp 060205)